# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| RICHARD ANTHONY MORAIS | : | Case No. 09-42079-JBR |
| PAMELA LYNN MORAIS | : | |
| DEBTORS | : | |

## MEMORANDUM OF DECISION ON DEBTORS' AMENDED MOTION TO AVOID JUDICIAL LIEN

This matter came before the Court for hearing on the Debtors' Amended Motion to avoid a judicial lien pursuant to 11 U.S.C. § 522(f) [#22], the creditor's objection thereto [#23], and the Debtors' response to the opposition [#38].  For the reasons set forth herein, the Motion is GRANTED as set forth herein.

**FACTS**

The facts are undisputed although the parties disagree as to their legal significance.  On November 8, 2007 the Robert Morais and Janet Morais (the "Senior Moraises"), who are the parents and parents-in-law of the Debtors in the instant case, filed a petition pursuant to Chapter 7 of the United States Bankruptcy Code in the Middle District of Florida.  Aaron R. Cohen ("Cohen") was appointed the Chapter 7 trustee for the Senior Moraises.  Cohen filed an adversary proceeding against the Debtors, prior to the commencement of the instant case, seeking to avoid a July 13, 2007 transfer of certain real estate located at 918 Brockelman Lane, Lancaster, Massachusetts (the "Property") from the Senior Moraises to the Debtors pursuant to 11 U.S.C . § 548.  On February 24, 2009 the Florida bankruptcy court entered a judgment in favor of Cohen in the amount of $101,812.57 plus interest (the "Florida Judgment").

The Florida Judgment was secured by a lien on the Property, which Cohen recorded in the appropriate Registry of Deeds a few days after the judgment issued.[1] In the Findings of Fact and Conclusions of Law, the Florida bankruptcy court stated:

> In this instance the Court finds that while the transfer of the Property is avoidable, voiding the transfer is not an appropriate remedy. Instead, the Court will enter judgment, which will attach as a lien to the Property, against Defendants in the amount of $101,812.57, the difference between the $342,000.00 fair market value of the Real Property at the time of transfer and $240,187.43, the amount Defendants paid for the Property.[2]

On May 28, 2009 the Debtors filed a voluntary petition pursuant to Chapter 7 commencing the above case. The Debtors list the Property as having a value of $236,000 and encumbered by a mortgage in the amount of $262,407. Schedule C does not list an exemption in the Property; the exemptions listed indicate that the Debtors have chosen the federal exemptions pursuant to 11 U.S.C. § 522(d).

By their Amended Motion to Avoid Judicial Lien of Aaron R. Cohen, Chapter 7 Trustee [#22], the Debtors seek to avoid Cohen's lien on the Property on the grounds that it impairs their exemption to which they claim entitlement pursuant to either M.G.L.c. 188, § 1 or 11 U.S.C .§ 522(b). Cohen's opposition challenges their right to avoid the lien [#23].

---

[1] At oral argument Debtors' counsel alleged that the judgment was recorded a few days after it issued although in their response, the Debtors allege that an execution on the Florida judgment was recorded on February 24, 2009, the date of the Florida decision and judgment. This discrepancy is irrelevant as neither party alleges that there was a lien recorded prior to July 13, 2007, the date on which the parties agree the deed to the Property was recorded in the Worcester County Registry of Deeds.

[2] Pages 12-13 of the Findings of Fact and Conclusions of Law, attached to Cohen's opposition.

**POSITION OF THE PARTIES**

The Debtors argue that Cohen's lien is a judicial lien, not an equitable one that attached prior to the actual transfer of the Property.  Thus § 522(f) requires that the lien be avoided in its entirety because it impairs an exemption to which they would otherwise be entitled.  They also state that to the extent necessary, they will amend Schedule C to claim the state homestead exemption.

Cohen argues that his lien is unavoidable because the Debtors did not claim an exemption in the Property.  He also asserts that even if they had, they cannot avoid his lien as they never acquired an interest in the Property.  Cohen bases his conclusion on the theory that the transfer was avoidable and could have been avoided, thereby returning the Property to the estate of the Senior Moraises.  Similarly he argues that because the transfer was avoidable, the Debtors never acquired any interest in the equity in the Property.  He also asserts that even if the Debtors had acquired an interest in the Property or in the equity of the Property, they did not acquire any interest until after his lien had attached, and thus under *Farrey v. Sanderfoot*, 500 U.S. 291, 296, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991), the lien cannot be avoided.  Finally Cohen alleges that the lien is not a judicial lien in the traditional sense of a lien securing a money judgment but is more akin to an equitable one that arose prior to the transfer of the Property to the Debtors.  He cites *In re Lodek*, 61 B.R. 66, 68 (Bankr. W.D. Tex. 1986), for the proposition that the equitable lien arose at the time of the transfer and relates back to the transaction.

**Discussion**

3

Section 522(f)(1) of the Bankruptcy Code provides that a debtor may avoid the fixing of a judicial lien on his interest in property to the extent that such lien impairs certain exemptions. 11 U.S.C. § 522(f)(1). Because this section only permits the avoidance of "judicial liens," the Court must determine whether the Cohen's lien is an equitable lien, and if so, whether an equitable lien is a form of judicial lien avoidable under § 522(f), points on which the parties disagree.[3]

Section 101(36) of the Bankruptcy Code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." A superficial examination suggests that Cohen's lien is a judicial lien as it arises from a money judgment entered by the Florida bankruptcy court. Moreover the Florida

---

[3] As one court noted:

> There is substantial disagreement in the case law as to whether an equitable lien constitutes a judicial lien for the purposes of Section 522(f). One line of cases reasons that an equitable lien is merely the recognition of a security interest that existed prior to judicial proceeding. *See In re Donahue,* 862 F.2d 259, 265 (10th Cir.1988); *In re Goodwin,* 133 B.R. 141, 143 (Bankr.S.D. Ind.1990); *see also Farrey v. Sanderfoot (In re Sanderfoot),* 899 F.2d 598, 602 n. 14 (7th Cir.1990) (citing cases) *overruled on other grounds,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). Another line of cases, however, reasons that equitable liens are obtained by judgment and rely on judicial process to create a security interest in particular property where one did not previously exist. As such, an equitable lien is a lien "obtained by judgment" and a judicial lien under the statute. *See In re Sanderfoot,* 899 F.2d at 604-05; *In re Pederson,* 78 B.R. 264, 267 (9th Cir. BAP 1987); *see also Boyd v. Robinson,* 741 F.2d 1112, 1114 (8th Cir.1984) (Boyd, J. dissenting).

*In re Carpenter*, 245 B.R. 39, 51 -52 (Bankr. E.D.Va. 2000), *aff'd* 252 B.R. 905 (E.D. Va. 2000), *aff'd* 36 Fed. Appx. 80 (4th Cir. 2002). The First Circuit has not addressed this question.

4

bankruptcy court's use of forward-looking language, namely "the Court will enter judgment, which will attach as a lien to the Property," lends support for finding the lien is a judicial lien. Nowhere in the decision or judgment do the words "equitable lien" appear.

*Lodek*, upon which Cohen relies, does not support his claim that the lien is an equitable one. In *Lodek* the bankruptcy court was confronted with a state court judgment which expressly imposed a constructive trust on $3,000 that was generated by the sale of the plaintiff's house and traced to improvements made to the defendant's residence. Further the state court ordered that "an *equitable* lien attach" to the residence. *Lodek*, 61 B.R. at 67 (emphasis added). In rejecting the debtor's argument that the lien was a judicial lien because it arose by virtue of the state court judgment, the bankruptcy court noted that "not every lien or interest that is recognized by a court is necessarily a judicial lien." *Id.* at 67 (citing *In re Colby,* 23 B.R. 142, 143 (Bankr. W.D. Wisc.1982)). Rather "a judicial lien is an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest *but who did not have an interest in a specific piece of property before the occurrence of some judicial action. Lodek*, 61 B.R. at 68 (quoting *Boyd v. Robinson (In re Boyd),* 31 B.R. 591, 594 (D.Minn.1983), *aff'd. on other grounds,* 741 F.2d 1112 (8th Cir.1984)) (emphasis added). Under Texas law, a constructive trust arises when legal title to the wrongfully taken property passes and consequently when the debtors converted the $3,000 for homestead improvements, the improvements were instantly impressed with the constructive trust. Based on the foregoing the *Lodek* court concluded that the lien was an equitable one which could not be avoided under §

5

522(f).[4]

Neither party has offered the Court a similar analysis under state law or posited an opinion as to which state law is applicable. Because Cohen, as the party asserting the existence of an equitable lien, has the burden of proving its existence, *In re Linehan*, 341 B.R. 110, 118 (Bankr. D. Mass. 2006), his failure to offer anything beyond his bald assertions that an equitable lien exists would be a sufficient basis to overrule his objection. *In re Phillips*, 379 B.R. 765, 792 (Bankr. N.D. Ill.2007) (Trustee not entitled to an equitable lien against property purchased and improved by funds fraudulently transferred; "[t]he Trustee fails to cite any supporting authority for the granting of an equitable lien. His failure to do so results in the forfeiture of the point.").

Even if Cohen had presented an analysis of his claimed equitable lien under state law, his argument would fail. Because the transfer occurred in Massachusetts upon the recording of the deed to the Property and the Property is located in the Commonwealth, Massachusetts law would apply to the question of whether an equitable lien was imposed on the Property. *Cf. Renaud v. General Motors Corp.,* 316 F. Supp.2d 77, 81 (D. Mass. 2004) "An equitable lien is good in bankruptcy only if it would be sufficient under applicable state law." *Small v. Beverly Bank*, 936 F.2d 945,

---

[4]Cohen's reliance upon *Farrey* also does not lead to the inevitable conclusion that he had an equitable lien that attached to the Property prior to its transfer. Instead the case acknowledges that unless a "debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." *Farrey*, 500 U.S. at 296, 111 S.Ct. at 1829.

949 (7th Cir.1991).

An equitable lien is "a charge upon specific property, entitling the holder of the lien to have the property applied in equity to the payment of his debt as against all other claimants of the property except purchasers for value without notice." *Ballentine v. Eaton,* 297 Mass. 389, 8 N.E.2d 808, 809 (1937). In Massachusetts an equitable lien may arise from the express agreement of a debtor to pay a creditor out of a specific fund or property. An equitable lien may also be implied and declared by a court out of general considerations of right and justice as applied to relations of the parties and circumstances of their dealings. *United States v. Friedman,* 143 F.3d 18, 23 (1st Cir.1998). The record does not establish that the Florida bankruptcy court declared an *equitable* lien existed on the Property, only that there be a lien on the Property to secure the money judgment.

As Judge Feeney recognized in *Linehan*, the Massachusetts bankruptcy courts have written several decisions dealing with equitable liens under Massachusetts law. *Linehan*, 341 B.R. at 114. As she noted in her *Osgood* decision, "[u]nder Massachusetts law, creditors' actions to reach and apply a debtor's property may take either statutory or non-statutory form....However, the plaintiff in a non-statutory equitable action to reach and apply must be a judgment creditor. *Aylward v. Lawrence Savings Bank (In re Osgood)*, 203 B.R. 865, 869 (Bankr. D. Mass. 1997). In the instant case, Cohen has a judgment. Yet as with other forms of equitable attachment, obtaining a judgment is only the first step. "As with regular reach and apply actions, actions to reach and apply fraudulently conveyed property proceed in two stages. First, the

7

underlying debt is established as in a case at law; then (assuming the debt is established) the court proceeds with an equitable procedure by which the debt is satisfied from the property claimed to be fraudulently conveyed." 48 Mass. Prac. § 11:35.  It is the second stage that is missing in the instant case.  Cohen took no steps with respect to the Florida bankruptcy court judgment beyond recording it.  Such action is insufficient to establish an equitable lien on the Property.

Moreover Cohen would fare no better under Florida law even if it were applicable.  Under Florida law, an equitable lien must be specifically pled and proven. *In re Cameron,* 359 B.R. 818, 822 (Bankr. M.D. Fla. 2006).  Cohen offered no evidence as to what was pled in the Florida adversary proceeding. As with Massachusetts law, "[e]quitable liens may also be declared by a court of equity out of general considerations of right or justice as applied to the relationship of the parties and the circumstances of their dealings. *Ross v. Gerung,* 69 So.2d 650 (Fla.1954). To be entitled to an equitable lien, there must be circumstances such as fraud or misrepresentation of material facts upon which the plaintiff specifically relied in good faith or there must be an agreement by the owner of the property to have certain property stand as security for a specific obligation." *Cameron,* 359 B.R. at 822, citing *Jennings v. Connecticut General Life Insurance Co.,* 177 So.2d 66 (Fla. 2d DCA 1965). Again Cohen's failure of proof is fatal to his argument. His lien is a judicial lien subject to avoidance under § 522 (f) if the remaining elements of the section are satisfied.

Cohen's argument that the Debtors may not claim that the lien impairs an exemption based on their failure to claim an exemption is easily dispensed.  The statute does not require that the Debtors actually claim an exemption in the Property

8

any more than it requires that the Property actually have equity to be impaired. The statute only requires that the lien impair an exemption to which the Debtors *"would have been entitled* under subsection (b)...." 11 U.S.C. § 522(f)(1) (emphasis added).

Section 522(f)(2)(A), which dictates the formula to be applied to lien avoidance calculations, provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The language of § 522(f)(2)(A)(iii) makes it clear that actual equity is not a prerequisite to avoiding a judicial lien.

Yet the Debtors' claim of a homestead of up to $500,000 under Massachusetts law, M.G.L. c. 188, § 1 is not an exemption to which they are entitled, even if they amend Schedule C. They have elected the federal exemptions and cannot mix and match state and federal exemptions. *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835 (1991) (noting that the debtor must select between a list of federal exemptions (set forth in § 522(d)) and the exemptions provided by applicable state law unless the state opts out of the federal exemptions). Because they have not amended Schedule C and because they have not indicated that they intend to seek permission to switch *all* their claimed exemptions from federal to state, at this juncture they can only avoid Cohen's lien to the extent it would impair the federal exemptions to which they

9

are entitled.

Pursuant to § 522(d)(1), each of the Debtors may exempt up to $20,200 for a total of $40,400 for these married Debtors. But the Debtors have used some of this exemption as part of their "wild card" exemption as permitted by § 522(d)(5). Specifically, they have used a total of $2,793 while § 522(d)(5) authorizes each debtor to exempt up to $1075 or $2,050 for the couple. Thus the Debtors have used $643 of their § 522(d)(1) exemption leaving them with a $19,557 exemption in the Property. Application of the statute's formula, however, compels the conclusion that Cohen's lien is avoidable in its entirety because the sum of Cohen's lien plus the mortgage plus the exemption to which the Debtors would have been entitled ($383,776.57) exceeds the Debtors' interest in the Property ($236,000) by $147,776,57.

**CONCLUSION**

For the foregoing reasons, the Motion is GRANTED.

A separate order will issue.

Dated: September 18, 2009

*Joel B. Rosenthal*

_____
Judge Joel B. Rosenthal
United States Bankruptcy Judge